UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| COLONIAL OAKS ASSISTED LIVING LAFAYETTE | CASE NO. 6:18-CV-01606 |
| VERSUS | JUDGE DOUGHTY |
| HANNIE DEVELOPMENT INC | MAGISTRATE JUDGE HANNA |

### REPORT AND RECOMMENDATION

Before the Court is the Rule 12(b)(6) Motion to Dismiss, Motion to Strike, and Motion for Sanctions filed on behalf of Defendants, Maurice ("Mo") and Joyce Hannie (Rec. Doc. 60). Plaintiffs, Colonial Oaks Assisted Living Lafayette, LLC ("COALL") and Colonial Oaks Memory Care Lafayette, LLC ("COMCL") (collectively, "the Buyers"), oppose the Motion (Rec. Doc. 63), and the Hannies replied (Rec. Doc. 65). The Motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that the Hannies' Motion to Dismiss be GRANTED and that all claims against the Hannies be dismissed with prejudice. The Court further recommends that the Hannies' Motion to Strike be GRANTED and that their Motion for Sanctions be DENIED.

**Factual Background**

This suit arises out of the sale of Rosewood Retirement and Assisted Living Center ("Rosewood") from HDI to COALL and the sale of the Cedar Crest Personal Memory Center ("Cedar Crest") from CC to COMCL, both of which occurred on March 31, 2016. This Court previously considered Motions to Dismiss by the Sellers and Nicol Hannie. The Court denied the Sellers' Motion to Dismiss, finding that the Buyers had stated a claim for relief against HDI and CC for at least negligent representation. (Rec. Doc. 33, adopted by Rec. Doc. 38). The Court denied without prejudice Nicol Hannie's Motion to Dismiss, allowing the Buyers the opportunity to amend to attempt to state a sufficient claim for fraud against Nicol Hannie. In that same ruling, the Court also instructed the Buyers to amend to state claims for fraud against Mo and Joyce Hannie. (Rec. Doc. 32, adopted by Rec. Doc. 48). The Buyers amended accordingly. (Rec. Doc. 44).

The Court hereby adopts the detailed factual background and legal statements set forth in its two prior Report and Recommendations. (Rec. Doc. 33, adopted by Doc. 38; Rec. Doc. 32, adopted by Doc. 48). The following allegations are pertinent to the instant Motion (the first filed by the Hannies), which seeks to dismiss the Buyers' fraud claims:

- In July 2016, then Executive Director of Rosewood, Laurie Deslatte, informed Joyce Hannie that Cedar Crest needed a facility registered

nurse to be in compliance with Chapter 68, but Joyce Hannie stated that they would wait until the Dept. of Health required them to hire an RN. (Rec. Doc. 44, ¶38). Ms. Deslatte informed the Buyers of this conversation in November 2017. (Rec. Doc. 44, ¶37).

- Joyce Hannie hired a part-time RN at Cedar Crest after conversations she had with an employee of the Dept. of Health. The RN was employed for about one month. Ms. Deslatte than informed Mo Hannie that an RN was required, but "Mo Hannie told her to hold off hiring an RN." (Rec. Doc. 44, ¶39; 57-58).

- Mo Hannie is identified in the Rosewood APA as a party whose knowledge was imputable to HDI. (Rec. Doc. 44, ¶54, referencing Rec. Doc. 1-3, p. 8). Mo and Joyce Hannies' knowledge was imputable to CC under the terms of the Cedar Crest APA. (Rec. Doc. 44, ¶54, referencing Rec. Doc. 1-2, p. 8).

- Mo Hannie "knew but intentionally hid the fact" of non-compliance at Rosewood (Rec. Doc. 44, ¶67), and Joyce Hannie "actively hid the fact that [Cedar Crest] was understaffed." (Rec. Doc. 44, ¶68).

- Nicol Hannie and Mo Hannie "didn't talk to each other," and Mo Hannie did not want to be in a partnership with Nicol Hannie, based on his alleged belief that Nicol Hannie stole funds from HDI and Mo

3

Hannie. Nonetheless, Mo Hannie allowed Nicol Hannie to continue in his roles at Rosewood. (Rec. Doc. 44, ¶69-71).

The Court now considers whether the Amended Complaint states a viable claim for fraud against the Hannies. The Court hereby adopts its previously discussed law applicable to Rule 12(b)(6) Motions to Dismiss, as stated at Rec. Doc. 33, p.4-6 (adopted by Rec. Doc. 38).

## Law and Analysis

### I. Whether the Buyers have stated a claim for fraud against the Hannies.

This Court previously held (in analyzing the Buyers' claims against Nicol Hannie) that the original Complaint failed to state a claim for misrepresentation, because the Complaint lacked sufficient factual allegations to plead fraud under F.R.C.P. Rule 9(b). See discussion at (Rec. Doc. 32, p. adopted by Rec. Doc. 48, and incorporated by reference herein). In short, the Buyers can only prevail against the Hannies, individually, if they were fraudulent.[1]

Under Louisiana law, an action for fraud against a party to a contract requires: (1) "a misrepresentation, suppression, or omission of true information;" (2) "the intent to obtain an unjust advantage or to cause damage or inconvenience to another;" and (3) that the error induced by the fraudulent act relates to a circumstance

---

[1] See also the Court's companion Report and Recommendation regarding the Sellers' and Nicol Hannie's Motions to Dismiss the Amended Complaint, wherein the Court clarified that the Buyers' only viable claim is for intentional misrepresentation (i.e. fraud).

that substantially influenced the victim's consent to the contract. *Petrohawk Properties, L.P. v. Chesapeake Louisiana, L.P.,* 689 F.3d 380, 388 (5th Cir.2012), citing *Shelton v. Standard/700 Assocs.,* 798 So.2d 60, 64 (La.2001). This is also discussed in the jurisprudence as "fraudulent inducement." See *Koerner v. CMR Constr. & Roofing, L.L.C.,* 910 F.3d 221, 228 (5th Cir.2018).

The Hannies further classify the Buyers' claims as "fraud from silence," which requires a duty to speak or disclose information. (Rec. Doc. 60-1, p. 11-12, citing *Green v. Gulf Coast Bank*, 593 So.2d 630, 632 (La.1992). The Hannies contend that they had no individual duty to disclose, and thus cannot be held liable on a fraud-based theory. However, this Court has previously found that the APA's set forth a duty to disclose, which can be imputed to the owners and "knowledge parties" of the Sellers. (See discussion at Rec. Doc. 33, p. 10-11). The Amended Complaint and attached APA's (specifically Section 10.1 of each APA, at Rec. Doc. 1-2 and 1-3) show that HDI and CC owed the Buyers a duty to supply correct information, specifically that the facilities were in material compliance with applicable laws and regulations. The APA's further show that both Mo and Joyce Hannie were designated as persons whose knowledge was imputable to the Sellers. Although the Court has questions regarding the classification and roles of a "knowledge party," the Court must construe the allegations in the Buyers' favor, and thus finds that the Complaint does not fail for lack of a duty to disclose.

The Hannies next argue that the Buyers did not establish that the Hannies individually gained an unjust advantage; however, the Amended Complaint alleges that Mo Hannie owns 2/3 of HDI and 1/3 of CC (through a separate entity). The Amended Complaint further alleges that HDI and CC obtained a higher price on the sale of the facilities due to the alleged misrepresentations. (Rec. Doc. 44, ¶ 17-18). Thus, the Court finds that the Amended Complaint does not fail merely because it does not explicitly state that Mo Hannie individually gained an unjust advantage. However, regarding Joyce Hannie, the Amended Complaint alleges that Joyce Hannie owns the foregoing shares of HDI and CC in community with her husband, Mo. (Rec. Doc. 44, ¶5 and 7). The Court is not aware of any law or jurisprudence which authorizes veil piercing of the community regime among spouses. Absent any such authority, the Court finds that Joyce Hannie, who was not an actual owner of HDI or CC (beyond her community co-ownership), cannot be found liable for fraud where she was neither a party to the contracts nor a *legal* owner of HDI or CC.

Although the Amended Complaint alleges that the Hannies obtained an unjust advantage, in order to prevail, the Buyers must also sufficiently allege the Hannies' requisite fraudulent intent with the particularity required by F.R.C.P. Rule 9(b). Rule 9(b) mandates that a party alleging fraud "state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." "Pleading fraud with

6

particularity in this circuit requires 'time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby.'" *Williams v. WMX Techs., Inc.,* 112 F.3d 175, 177 (5th Cir. 1997), citing *Tuchman v. DSC Communications Corp.,* 14 F.3d 1061, 1068 (5th Cir.1994).

"Rule 9(b) is satisfied where a plaintiff has alleged "[t]he basic framework, procedures, (and) nature of the fraudulent scheme, (as well as) the financial arrangements and inducements among the parties ... that give rise to (the) belief that fraud has occurred with the requisite specificity to generate a strong inference of [fraudulent intent]." *Medve Energy Ventures LLC v. Warhorse Oil & Gas LLC,* No. 6:17-CV-01336, 2018 WL 7051038, at *6 (W.D. La. Nov. 21, 2018), *report and recommendation adopted,* No. 6:17-CV-01336, 2019 WL 303122 (W.D. La. Jan. 17, 2019), quoting *U.S. ex rel. Hebert v. Dizney*, 295 F. App'x 717, 723 (5th Cir.2008), and *7-Eleven Inc. v. Puerto Rico-7 Inc.*, 2008 WL 4951502, at *5 (N.D. Tex.2008).

The Court finds that the facts alleged in the Amended Complaint fail to show fraud. At most, the allegations pertaining to the Hannies show only that Joyce Hannie was told she needed to hire a RN for Rosewood, that she did, but that she did not re-hire the nurse when the nurse left, and that Mo Hannie told the Rosewood director to hold off on hiring an RN. These acts alone do not constitute fraud. Rather, it was the signing of the APAs (and the representations of compliance therein) which

7

the Buyers contend was fraudulent. Joyce Hannie was neither a signatory nor owner of the Sellers, such that she cannot be found liable for fraud. Although Mo Hannie was a legal owner of HDI and CC, the Amended Complaint does not show any purported "fraudulent scheme" or otherwise generate a "strong inference of fraudulent intent." Further, as discussed in the Court's Report and Recommendation regarding the Sellers' and Nicol Hannie's Motions to Dismiss the Amended Complaint, the Buyers cannot prevail on a claim for fraud absent facts showing that the Rosewood residents' person-centered service plans ("PCSPs") were intentionally prepared improperly with the purpose of deceiving the Buyers. The Amended Complaint alleges that Nicol Hannie prepared the PCSPs for Rosewood, and the Court found in its separate Report and Recommendation that the allegations in this regard were insufficient to state a claim for fraud against Nicol. Neither Joyce nor Mo, as owners and directors, are alleged to have had any control over or input into the individual residents' PCSPs or whether certain residents qualified for self-administration.

Even assuming the Buyers' allegations as true, the allegations show perhaps poor operation and/or management, but they do not rise to the level of fraudulent intent contemplated by Louisiana law and Rule 9(b). The conclusory allegations that the Hannies "knew but intentionally hid" facts (Rec. Doc. 44, ¶67-68) do not suffice.

Thus, the Court finds that the Buyers have failed to state a claim for fraud against Mo and Joyce Hannie.

## II. Whether allegations regarding Mo Hannie and Nicol Hannie's relationship should be stricken.

The Hannies seek to strike Paragraphs 69-75 of the Amended Complaint, which set forth allegations regarding Mo and Nicol Hannie's relationship and that Mo Hannie allegedly allowed Nicol Hannie to continue in his role at Rosewood, including gathering applicable regulatory information and due diligence materials, despite Mo's alleged opinion that Nicol had stolen funds. (Rec. Doc. 44, ¶69-75). Under Rule 12(f), the Court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." "Immaterial matter, for purposes of motion to strike, is that which has no essential or important relationship to the claim for relief or the defenses being pleaded, while impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Ethan C. LaHaye Tr. v. Provident Life & Acc. Inc. Co.,* No. CIV.A.10-1086, 2010 WL 4556522, at *1 (W.D. La. Nov. 2, 2010), citing *Cairns v. Franklin Mint Co.,* C.D.Cal.1998, 24 F.Supp.2d 1013, 49 U.S.P.Q.2d 1396.

The Hannies argue that the complained of allegations are immaterial and impertinent to the Buyers' fraud claims, because these allegations, regarding Mo and Nicol's relationship and Mo's opinion of Nicol, have no bearing on the staffing and regulation issues and whether the Sellers made misrepresentations. The Buyers

counter that these allegations "show the advantage Mo sought to obtain through the misrepresentations," specifically "to complete the sale of the facilities." (Rec. Doc. 63, p. 27). The Court does not agree. Even assuming that Mo Hannie was motivated to sell the facility in order to end his relationship with Nicol Hannie, this is not in any way relevant to the allegedly misrepresented regulatory shortcomings. The Court finds that Paragraphs 69-75 are immaterial and impertinent and would serve no purpose other than to inflame the jury. Therefore, the Court recommends that these paragraphs be stricken.

### III. <u>Whether sanctions are warranted.</u>

The Hannies last move for sanctions under F.R.C.P. Rule 11, arguing that the Buyers' claims against them are frivolous. Rule 11(b) provides:

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Rule 11 contains a "safe harbor" provision, which mandates that the party moving for sanctions cannot move for sanctions until twenty-one days after serving a copy of the motion on the offending party so that the offending party has an opportunity to withdraw or correct the pleading complained of. Rule 11(c); *Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir.1995). Informal notice or service does not satisfy the strict requirements of Rule 11 safe harbor requirement. *In re Pratt*, 524 F.3d 580, 588 (5th Cir.2008). Denial of Rule 11 sanctions is therefore appropriate if the moving party failed to formally serve the motion for sanctions on the allegedly offending party at least twenty-one days prior to filing the motion in order to give the alleged offender an opportunity to correct the pleadings. *Tompkins v. Cyr*, 202 F.3d 770, 788 (5th Cir.2000). The Hannies admit that they did not follow the safe harbor protocol, but they urge the Court to nevertheless award sanctions on its own Motion. The Court declines to do so and specifically finds that the Buyers' suit is not frivolous, though they may not ultimately prevail. Hence, the Court recommends that the Hannies' Motion for Sanctions be denied.

## Conclusion

For the reasons discussed herein, it is recommended that the 12(b)(6) Motion to Dismiss filed by Mo and Joyce Hannie (Rec. Doc. 60) be GRANTED and that all claims against the Hannies be dismissed with prejudice. The Court further recommends that the Motion to Strike incorporated into the Hannies' Motion to

Dismiss be GRANTED, such that Paragraphs 69-75 of the Amended Complaint (Rec. Doc. 44) be stricken, and that the Motion for Sanctions be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 18th day of October, 2019.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE