# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

COLONIAL OAKS ASSISTED LIVING LAFAYETTE  CASE NO. 6:18-CV-01606

VERSUS  JUDGE DOUGHTY

HANNIE DEVELOPMENT INC  MAGISTRATE JUDGE HANNA

## MEMORANDUM ORDER

Before the Court is the Motion for Reconsideration of the Court's October 18, 2019 Report and Recommendation (Rec. Doc. 69) filed by Plaintiffs, Colonial Oaks Assisted Living Lafayette and Colonial Oaks Memory Care Lafayette, LLC (collectively "the Buyers"). For the following reasons, the Motion is DENIED.

This Court issued a Report and Recommendation recommending that the Motions to Dismiss the Amended Complaint filed by the Sellers (Hannie Development, Inc. and Cedar Crest, LLC) be denied. (Rec. Doc. 67). The Court held therein that the Buyers' only viable claims were for intentional misrepresentation, or fraud, because, according to the arbitrator's ruling, all other claims were subject to arbitration. (Rec. Doc. 67, p. 8-9). Specifically, the arbitrator's Interim Order No. 5 stated:

> The Arbitrator finds that the Buyers' staffing misrepresentation claim is not arbitrable because it is a fraud claim which does not fall within the APA section 18 exclusive remedy provisions. In this instance, according to La. C.C. Art. 1953, "(f)raud is a misrepresentation or a

suppression of the truth made with the intention either to obtain unjust advantage for one party or to cause a loss or inconvenience to the other." Buyers allege Sellers "intentionally and knowingly breached their contract warranties" by "misrepresent[ing] that the staffing at the facilities comply with the applicable laws." The Arbitrator agrees with the argument of the Sellers that the alleged intentional misrepresentation is a claim for intentional misrepresentation, or in other words, fraud.

Docket No. 6:19-cv-00833, Rec. Doc. 1-8, p. 3-4.

The Buyers filed the instant Motion for Reconsideration urging the Court to look instead at the arbitrator's Interim Order No. 8 (Docket No. 6:19-cv-00833, Rec. Doc. 1-11). Interim Order No. 8 does not change the Court's ruling. Contrarily, the arbitrator's statements in Interim Order No. 8 reinforce its earlier ruling in Interim Order No. 5 that only fraudulent misrepresentation claims are pending in this Court. Interim Order No. 8 states in pertinent part:

> 4) The Arbitrator denies the release of any escrow until such time as the federal court lawsuit involving the Buyers' alleged breach of representation claim in federal court is resolved.
>
> \*\*\*\*
> Sellers then filed a Motion to Dismiss Claims as not Arbitrable with the AAA. In Interim Order Number 5, the Arbitrator rejected Sellers argument except with respect to Buyer's claim for breaches of representations and warranties in the APA. The Arbitrator found that because the breach of representation of warranty claim involved fraud allegations, Buyer's remedy was not limited to holdback amounts/post-closing escrow funds (i.e., the potential award could exceed the amounts in escrow) so the breach of representations of warranties claims "does not fall within the APA's Section 18 "Exclusive Remedy Provisions." (Id. at p. 6) (FN 20).

(Docket No. 6:19-cv-00833, Rec. Doc. 1-11, p. 2; 3).

2

Ultimately, the arbitrator held that the escrow funds must be preserved as security for the claims pending in this court, based on the parties' holdback agreements. (*Id*., at p. 5). Nothing in Interim Order No. 8 persuades the Court to depart from its ruling that the Buyers' only viable claims in this Court are for intentional misrepresentation, or fraud. Accordingly,

IT IS ORDERED, that the Buyers' Motion for Reconsideration (Rec. Doc. 69) is DENIED.

THUS DONE in Chambers, Lafayette, Louisiana on this 24th day of October, 2019.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE