UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| COLONIAL OAKS ASSISTED LIVING LAFAYETTE, LLC, AND COLONIAL OAKS MEMORY CARE LAFAYETTE, LLC | CASE NO. 6:18-CV-01606 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| HANNIE DEVELOPMENT, INC. CEDAR CREST, LLC, MAURICE "MO" HANNIE, NICOL HANNIE AND JOYCE HANNIE | MAGISTRATE JUDGE HANNA |

**MEMORANDUM RULING**

Pending before the Court is a Renewed Motion for Attorneys' Fees and Cost [Doc. No. 89], filed on September 25, 2020 by Defendants Hannie Development, Inc., and Cedar Crest, LLC. (collectively "Hannie and Cedar Crest"). An Opposition [Doc. No. 93] was filed on October 19, 2020, by Plaintiffs Colonial Oaks Assisted Living Lafayette, LLC ("Colonial Oaks Living") and Colonial Oaks Memory Care Lafayette, LLC ("Colonial Oaks Memory"). A Reply [Doc. No. 94] was filed on October 20, 2020 by Hannie and Cedar Crest. For the reasons set forth herein, Defendant's motion is GRANTED IN PART and DENIED IN PART.

**I.    BACKGROUND**

Sellers, Hannie and Cedar Crest entered into an agreement with Buyers, Colonial Oaks Living and Colonial Oaks Memory on March 31, 2016, for the

purchase of two assisted living/memory care facilities. An Asset Purchase Agreement ("APA") was entered into on March 31, 2016 for the purchase of the Rosewood Retirement and Assisted Living Center [Doc. No. 1, Exh. A] and for the purchase of the Cedar Crest Personal Memory Living Facility [Doc. No. 1, Exh. B].

On December 1, 2016, the parties to each of the transactions also entered into Holdback Escrow Agreements ("HEAs") [Doc. No. 1 Exh. C and D] which required the escrow agent to withhold the sum of $660,000, (4% of the gross purchase of each sale) as security. Of the $660,000 escrowed, $425,700 was for the Rosewood sale and $234,300 was for the Cedar Crest sale.

After the sales were completed, both Buyers and Sellers demanded the escrowed proceeds. Buyers made four claims against Sellers for alleged breaches of the APA. One of the claims was an alleged fraud claim. An arbitration was initiated under the terms of the HEA. The fraud claim (which is the subject of this proceeding) was dismissed by the Arbitrator from the arbitration proceeding after finding the fraud claim was not arbitrable.

Buyers refiled the fraud claim against Sellers in this proceeding. In the arbitration proceeding the Arbitrator arbitrated the Buyers' remaining three claims. The Arbitrator denied two of the Buyer's claims and awarded Buyers $50,998.77 on one claim. The Arbitrator also ordered Sellers to pay Buyers attorneys' fees of

$142,007.25 and costs of $48,322.42. Therefore, the Buyers total award in the arbitration against Sellers was $241,328.44.

Colonial Oaks Living and Colonial Oaks Memory filed a motion to modify or vacate the award in suit number 6:19-833, Western District of Louisiana, Lafayette Division. The motion was denied. USDC, WDLA No. 6:19-833 [Doc. No. 11].

The remaining fraud claim was litigated in the present proceeding. On November 4, 2019, this Court adopted a Report and Recommendation [Doc. No. 73] which dismissed all claims in this proceeding by Colonial Oaks Living and Colonial Oaks Memory against Hannie and Cedar Crest.

The dismissal was appealed [Doc. No.77]. A USCA Judgment/Mandate [Doc. No. 87] was filed, affirming the dismissal of Plaintiffs' claims on September 17, 2020.

On September 25, 2020, the pending Renewed Motion for Attorneys' Fees and Costs was filed by Hannie and Cedar Crest.

## II. ATTORNEY FEE CONTRACTUAL PROVISIONS

Both the APAs and the HEAs contained attorney fee provisions. Section 20.19 of the APAs states:

> "Should either Party hereto institute any action or proceeding in Court to enforce any provision hereof or for damages by reason of an alleged breach of any provision of this Agreement or for any other judicial

3

> remedy, the prevailing Party shall be entitled to receive from the losing Party all reasonable attorney fees actually incurred and all Court costs in connection with said proceedings and any appeal(s)." [Doc. No. 1, Exh. A and B]

Under the HEA provisions under Section 14(b) states:

> (b) <u>Arbitration</u>   If, after reasonable efforts to mediate and the Mediation Conference does not result in a resolution of the issues and the execution of a written settlement agreement, the dispute shall be submitted to final and binding arbitration in the State and Parish where the property is located, in accordance with the commercial dispute resolution procedures of the American Arbitration Association. …   The prevailing party in such dispute shall be awarded any and all costs and expenses incurred by the prevailing party in enforcing, defending or establishing its rights hereunder or thereunder, including, without limitation, court costs and reasonably incurred attorney fees …" [Doc. No. 1, Exhibits C & D].

In this proceeding, Hannie and Cedar Crest seek the following attorney fees and costs:  $94,308.62 for attorneys' fees and costs.

$40,924.65 for attorney fees and costs incurred for the fraud claim prior to the suit being filed and/or during the arbitration proceeding.

$42,053.12 for attorneys' fees and costs for the defense of Maurice ("Mo") Hannie and Joyce Hannie, paid by defendants through corporate indemnification.

$93,871.89 for attorneys' fees and costs for the defense of Nicole Hannie, paid by defendants through corporate indemnification.

4

$5,674.24 in attorney fees and costs for work performed after the motion was filed.

Total award claims: $276,832.52.

### III. LAW AND ANALYSIS

In the Fifth Circuit, the "lodestar" method is used to calculate reasonable attorney fees. In re: *Fender*, 12 F.3d 480, 487 (5th Cir. 1994). In *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974), the Fifth Circuit identified twelve factors to be considered in determining an award of attorney fees.

Under the "lodestar" analysis, the determination of reasonable attorney fees involves a two-step procedure. *Louisiana Power & Light Company v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). Initially the district court must determine the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating lawyers. Then the court must multiply the reasonable hours by the reasonable hourly rates. The product is the "lodestar", which the court either accepts or adjusts upward or downward, depending on the circumstances of the case, assessing the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

The twelve *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal

services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the awards in similar cases.

The applicant bears the burden of proving the reasonableness of the number of hours expended on their prevailing claim. *Leroy v. City of Houston*, 906 F.2d 1068, 1074 (5th Cir. 1990). Ultimately, the Court has discretion to fashion a reasonable attorney fee. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Attorney fees are recoverable when authorized by statute or contract. *F.D. Rich Co., Inc. v. U.S. For the Use of Industrial Lumber, Inc.*, 417 U.S. 116 (1974).

In this case, this Court must first determine whether the attorney fees and costs are recoverable under the APA and/or HEA.

### A. Attorney Fees and Costs in this Proceeding

Hannie and Cedar Crest seek $94,308.62 for attorney fees and costs incurred in this proceeding. They are recoverable. The APA agreements [Doc. 1, Exhibits A & B] applies. Hannie and Cedar Crest defended fraud allegations made by Colonial Oaks Living and Colonial Oaks Memory which was an alleged breach of provisions

6

of the APA. Hannie and Cedar Crest were the prevailing parties and are entitled to recover reasonable attorneys' fees and court costs in connection with this proceeding.

### B. Attorney Fees and Costs During Mediation and Arbitration

Hannie and Cedar Crest also seek costs and attorneys' fees totaling $40,924.65 for costs and fees incurred before this proceeding was filed, which involved work related to the mediation and arbitration proceedings. In order to make this determination, the Court is bound by the contractual provisions agreed upon by parties, which consists of the APAs and HEAs.

The provisions of the APAs do not apply, as they address only attorney fees and costs "should either party hereto institute any action or proceeding in court." Additionally, the APAs limit attorney fees and costs to "fees actually incurred and all court cost in connection with said proceedings and any appeal(s)."

The next question is whether the attorney fee provision in the HEAs apply. The HEAs discuss attorney fees and costs incurred during a mediation and/or arbitration. The pertinent language of the HEAs states: "The prevailing party in such dispute shall be awarded any and all costs and expenses incurred by the prevailing party in enforcing, defending or establishing its rights hereunder or

thereunder, including, without limitation, costs and reasonably incurred attorneys' fees."

As discussed previously, the Arbitrator found the fraud claim was not arbitrable and dismissed it from the arbitration proceeding, resulting in this suit being filed. The Arbitrator went on to address the three remaining claims and found in favor of Colonial Oaks Living and Colonial Oaks Memory on one claim and dismissed the other two claims against Hannie and Cedar Crest. The Arbitrator went on the find Colonial Oaks Living and Colonial Oaks Memory were the prevailing parties in the arbitration and awarded costs and attorney fees to Colonial Oaks Living and Colonial Oaks Memory.

There is no question that Hannie and Cedar Crest were the prevailing parties on the fraud claim, but not in the arbitration. Since the HEAs [Doc. No. 1, Exhibit C&D], limits cost and attorney fees to the "prevailing party in such dispute" (referring to the mediation and/or arbitration), the HEAs do not allow Hannie or Cedar Crest to recover cost and attorney fees incurred during the mediation and arbitration. The fraud issue was not determined in the arbitration proceedings, so Hannie and Cedar Crest could not be prevailing parties in the mediation.

8

### C. Attorney Fees and Costs Incurred Through Corporate Indemnification

Hannie and Cedar Crest also seek $42,053.12 for attorney fees and costs in defending Minnie "Mo" Hannie and Joyce Hannie and the sum of $93,871.89 in costs and attorney fees incurred in defending Nicole Hannie. All the costs and attorney fees were incurred in defending the Hannies in this proceeding. All were named as defendants in this lawsuit. Therefore, the HEA (which deals with mediation and arbitration) does not apply. This Court must determine whether the APAs would allow Hannie and Cedar Crest to recover these costs and attorneys' fees.

The APAs (Doc. 1, Exhibit A&B] allow the prevailing party in a suit over breach of provisions of the APA, to receive the from the losing party, all reasonable attorney fees "actually incurred" in connection with the proceedings.

Maurice Hannie, Joyce Hannie and Nicol Hannie are not parties to the APAs. Hannie and Cedar Crest maintain that the attorney fees and cost of Maurice, Joyce and Nicol Hannie were "actually incurred" by them because they were required to reimburse corporate offices through provisions for corporate indemnity in their bylaws. Colonial Oaks Living and Colonial Oaks Memory are not parties to those corporate contracts.

9

In *Comar Marine Corp. v. Raider Marine Logistics, LLC*, 1026 WL 99208 (W.D. La. January 7, 2016), *Comar* objected to defendant's attempt to collect the attorney fees incurred by Allegiance and Chase, for the defense of *Comar's* maritime lien claims in federal court and in bankruptcy court. The mortgage agreements between Defendants and Allegiance and Chase each required Defendants to reimburse the banks for the reasonable attorneys' fees they incurred in protecting their mortgage lien rights.

In denying the request for reimbursement of the Allegiance and Chase attorney fees, the court likened these claims to "damages" and found the contract fee provision was limited to the fees incurred by the parties to the contract, as opposed to fees incurred by other parties who were not parties to the contract.

Hannie and Cedar Crest cite the case of *BASR Partn. v. U.S.* 915 F.3d 771 (Fed. Cir. 2019) for appellate authority to recover the attorney fees of Maurice, Joyce and Nicol Hannie. In this case, under 26 I.R.C. § 7430(a), prevailing parties could be awarded reasonable litigation costs "incurred" in connection with a court proceeding involving taxes. The Federal Circuit did find that *BASR* "incurred" litigation costs because it had the obligation to pay litigation costs incurred by one of the partners under the terms of the Partnership Agreement.

This Court follows the Western District precedent in *Comar Marine Corp*. The provisions of the APA limits reasonable cost and attorney fees that a party "actually incurs". The costs and attorney fees were "actually incurred" by Maurice, Joyce and Nicol Hannie, (non-parties to the APAs), not by Hannie and Cedar Crest. A clear reading of the unambiguous language of the APAs shows Hannie and Cedar Crest are not entitled to recover cost and attorney fees incurred by Maurice, Joyce and Nicol Hannie.

**D.    Lodestar Analysis**

This Court has found that Hannie and Cedar Crest are only able to recover the reasonable attorney fees and costs incurred by Hannie and Cedar Crest in defending the fraud claims in this proceeding. Therefore, it is only necessary to examine the $94,308.62 incurred in the proceeding.

The Affidavit of Stephen J. Oats [Doc. No. 89, Exhibit C p.1-5] reflects the attorneys fee of Oats and Marino charged at $250.00 per hour for Stephen J. Oats (37 years of practice), $250.00 per hour for Lawrence E. Marino (26 years of practice), $175.00 per hour for Daniel J. Phillips (10 years of practice) and $175.00 per hour for Phillip T. DeBaillon (7 years of practice). Paralegal Lauren A. Nevitt's services were charged at $85.00 per hour.

The Affidavit of Frank Neuner [Exhibit A-5] filed by Colonial Oaks Living and Colonial Oaks Memory in the arbitration proceeding, shows prevailing market rates in the 15th Judicial District for commercial litigation range from $275.00 to $400.00 per hour for senior partners with twenty-five plus years of experience and from $250.00 to $325.00 per hour for junior partners and associates and $150.00 per hour for paralegals. The Arbitrator awarded $325.00 per hour for senior attorneys, $250.00 per hour for junior attorneys and $90.00 per hour for paralegals. [Exhibit A-8].

The hourly rates for the Oats and Marino attorneys are reasonable and are within the range customarily charged by attorneys in the Lafayette market. The Affidavit and the invoices show Oats and Marino incurred 720.45 hours for this lawsuit, with file no. 45930-106, and $94,308.62 for Hannie and Cedar Crest's defense, and $42,053.12 for Mo and Joyce Hannie's defense. The Affidavit also estimated attorney fees and costs of $5,674.24 in additional attorney fees and costs through judgment on this motion.

In examining the billing records for Oats and Marino, and the method of allocation among the different clients, this Court believes the time and billing charges are reasonable and will award the full sum of $94,308.62 in attorney fees

and expenses and will award an additional $5,000.00 for additional attorney fees and costs incurred through this motion, for a total of $99,308.62.

### E. Instructions to Escrow Agent

The HEA's required a total of $660,000 to be placed in escrow ($427,700 for the Reserved sale and $234,300 for the Cedar Crest sale). The Arbitrator previously awarded Colonial Oaks Living and Colonial Oaks Memory $50,998.77 on one claim and attorney fees and costs of $142,007.25, and costs of $48,322.42 for a total award of $241,328.44. This amount has not been paid out of the escrow accounts.

Hannie and Cedar Crest ask for the amounts owed to each other be offset and the remaining balance paid to the Sellers, Hannie and Cedar Crest. There was no objection by Colonial Oaks Living and Colonial Oaks Memory to that offset request, and this Court finds offset is proper.

Hannie and Cedar Crest concede that the $50,998.77 should be paid out of the Rosewood account and that any balance over that be paid 64.5% out of the Rosewood escrow account and 35.5% out of the Cedar Crest escrow account.

Therefore, this Court rules that the Rosewood and Cedar Crest escrow accounts be used to disburse the following amounts.

$241,328.44 – total award to Colonial Oaks Living Memory
$ 99,308.62 – total award to Hannie and Cedar Crest

$142,019.82 – to be paid to Colonial Oaks Living and Memory

13

Of the $142,019.82 paid out, the first $50,998.77 is to be paid out of the Rosewood account. The remaining balance of $91,021.05 owed by Colonial Oaks Living and Colonial Oaks Memory is to be paid with 64.5% from the Rosewood escrow ($58,708.58) and with 35.5% ($32,312.47) being paid out of the Cedar Crest escrow account.

The balances remaining in each escrow account shall thereafter be returned to Hannie and to Cedar Crest.

## IV. CONCLUSION

For the reasons stated herein,

IT IS ORDERED that the Renewed Motion for Attorneys' Fees and Costs [Doc. No. 89], filed by Hannie Development, Inc. and by Cedar Crest, LLC is GRANTED IN PART and DENIED IN PART.

IT IS ORDERED that Hannie and Cedar Crest be awarded the sum of $99,308.62 as attorney fees incurred in the defense in this proceeding.

IT IS FURTHER ORDERED that Hannie and Cedar Crest's request for attorney fees incurred in the mediation and arbitration proceedings are DENIED.

IT IS FURTHER ORDERED that Hannie and Cedar Crest's request for attorney fees incurred on behalf of Maurice, Joyce and Nicol Hannie are DENIED.

IT IS FURTHER ORDERED that the sum of $142,019.82 be paid out of the Rosewood and the Cedar Crest escrow accounts as follows to Colonial Oaks Living and Colonial Oaks Memory:

(1) the first $50,998.77 is to be paid out of the Rosewood escrow account.

(2) the remaining balance of $91,021.05 is to be paid to Colonial Oaks Living and Colonial Oaks Memory with $58,708.58 (64.5%) to be paid out of the Rosewood escrow account and the sum of $32,312.47 (35.5%) to be paid out of the Cedar Crest escrow account.

(3) the balance remaining in both accounts is to be paid to Hannie and Cedar Crest.

MONROE, LOUISIANA this 22nd day of December, 2020.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE

15